**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LINDA WALLACE,**

       **Plaintiff,**              **CIVIL ACTION NO. 12-CV-13032**

    **vs.**                       **DISTRICT JUDGE SEAN F. COX**

                                  **MAGISTRATE JUDGE MONA K. MAJZOUB**

**GMAC MORTGAGE, LLC and**
**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motions to Dismiss filed by Defendant Federal National Mortgage Association (FNMA). (Docket no. 2.) Plaintiff filed a response to Defendant's Motion arguing, in part, that FNMA did not have standing to raise claims on behalf of Defendant GMAC Mortgage, LLC (GMAC). (Docket no. 6.) FNMA filed a Reply (docket no. 7), and GMAC filed a Concurrence with FNMA's Motion to Dismiss. (Docket no. 11.) The Motion has been referred to the undersigned for consideration. (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]

**I.    Recommendation**

For the reasons that follow, the Court recommends granting Defendants' Motions to Dismiss (docket no. 2). Therefore, the Court recommends dismissing this case in its entirety, with prejudice.

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

## II.     Report

### A.     Facts

Plaintiff Linda Wallace brought this action in Oakland County Circuit Court on June 20, 2013, against Defendants GMAC and FNMA. Defendants removed the action to this Court on July 10, 2012. (Docket no. 1). The Complaint challenges foreclosure proceedings related to real property located at 2565 Taylor Road in Troy, Michigan. The Complaint seeks to quiet title to the subject property and requests that the Court set aside a sheriff's sale and issue further injunctive relief against Defendants. It alleges that Defendant GMAC received an invalid assignment from Mortgage Electronic Registrations Systems, Inc. (MERS), which resulted in an improper foreclosure and a tainted purchase by Defendant FNMA. Plaintiff alleges general violations of Michigan's foreclosure laws, breach of contract, fraud in the inducement, slander of title, slander by false publication, violations of Mich. Comp. Laws § 600.3205c, and promissory estoppel. (*See* docket no. 1-2.)

The Mortgage shows that Plaintiff borrowed the sum of $217,800.00 from Homecomings Financial Network, Inc. on or around May 8, 2006, and in exchange, granted MERS a mortgage interest in the subject property. (Docket no. 2-2). On October 11, 2011, MERS assigned the Mortgage to Defendant GMAC; the assignment was recorded with the Oakland County Register of Deeds on October 28, 2011.[2] (Docket no. 2-3.)

Sometime before October 2011, Plaintiff began having trouble making her loan payments. In a letter dated October 12, 2011, captioned as a "Second Notice," GMAC informed Plaintiff that

---

[2]Plaintiff alleges that "said mortgage was securitized and assigned numerous times" but provides no basis for this allegation. (Docket no. 1-2 ¶ 10.)

2

she may be eligible for a loan modification. (Docket no. 6-5.) The letter indicated that Plaintiff must respond by October 27, 2011, to "confirm [her] eligibility for a Modification program." (*Id.*) On December 9, 2011, through her attorney, Plaintiff sent a letter to GMAC's attorney, Orlans Associates, P.C., requesting a stay of foreclosure proceedings. (Docket no. 6-4.)

Plaintiff alleges that Defendant GMAC promised to allow Plaintiff to apply for a loan modification. (Docket no. 1-2 ¶ 14-16.) On December 20, 2011, however, GMAC proceeded with a sheriff sale of the property; at the time, GMAC had neither approved nor denied Plaintiff's modification request. (*Id.* at 20-21.) Plaintiff alleges that she received no notice of the sheriff's sale (*id.* at 22.), but Defendant demonstrates that notice of the foreclosure sale was published in the Oakland County Legal News from November 22 though December 21, 2011. (Docket no. 2-4 at 5.) Defendants further show that notice was posted in a conspicuous place upon the premises on November 30, 2011. (*Id.* at 3.) At the sheriff sale, Defendant FNMA purchased the property for $215,737.88. (*Id.* at 2.) The last day for Plaintiff to redeem the property was June 20, 2012. (*Id.* at 8.) Defendants state that Plaintiff did not make any effort to redeem the property before the period of redemption expired, and Plaintiff does not state otherwise. Plaintiff filed the instant Complaint on June 20, 2012. (Docket no. 1-2.)

### B. Standard of review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

3

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

**C.     Analysis**

Defendants move to dismiss Plaintiff's Complaint in its entirety under Rule 12(b)(1) and 12(b)(6)[3] alleging that (1) Plaintiff lacks standing to challenge the foreclosure; (2) Plaintiff should be barred from bringing this action under the equitable doctrine of laches; (3) GMAC had the authority to foreclose on Plaintiff's property; (4) Plaintiff lacks standing to challenge MERS's assignment to GMAC, and Plaintiff agreed to the assignment; (5) Plaintiff's fraud claim fails under the statute of frauds; (6) GMAC complied with applicable foreclosure-by-advertisement requirements; (7) Plaintiff's breach-of-contract claim fails because there is no private cause of action under HAMP or the SPA; (8) Plaintiff's slander claims fail because she does not possess any interest in the property and because the sheriff's sale was proper; and (9) Plaintiff's claim for quiet title fails as a matter of law. (*See* docket no. 2) In support of their motion, Defendants submitted a copy of the Mortgage, the Assignment of Mortgage, and the Sheriff's Deed; Plaintiff did not attach these documents to her complaint. Nevertheless, Plaintiff claims that she is the lawful owner of the subject property, she generally claims that she was defrauded out of her interest in the property through false and irregular documents, and she challenges the assignment of mortgage and the validity of the sheriff's sale. The undersigned concludes that the documents attached to Defendants' Motion are central to Plaintiff's claims and may be considered by the Court without converting the motion into one for summary judgment under Federal Rule of Civil Procedure 56.

### 1. Plaintiff's Standing to Challenge the Foreclosure

Defendants argues that Plaintiff lacks standing to challenge the sheriff's sale or to raise any claims related to the property because the statutory period of redemption has expired. (Docket no.

---

[3]Although Defendants file their motion under Rule 12(b)(6) (*see* docket no. 2 at 1, 5), Defendants ask the Court to dismiss Plaintiff's Complaint for lack of standing, which is properly addressed under Rule 12(b)(1).

2 at 16-18.) Mich. Comp. Laws § 600.3236 provides that upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" of the mortgagor in the property. Thus, Plaintiff lost all legal title and interest to the Property when the redemption period expired. Nevertheless, equitable relief from the strict provisions of the redemption statute may be available in cases where there is clear evidence of fraud, accident, or mistake. *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 643 (Mich. 1993); *Angeleri v. B & P Grp., Inc.*, No. 260134, 2006 WL 2422582, at *1 (Mich. Ct. App. Aug. 22, 2006). "[T]he type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself." *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001). *See also Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-cv-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010).

Defendants rely on *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), in support of their argument that Plaintiff lacked standing to challenge the foreclosure because he no longer had any interest in the property once the redemption period expired. Courts have recently concluded that *Overton* is best viewed as a merits case, not a standing case, and that a plaintiff's complaint should not be dismissed on the basis of standing simply because the statutory period of redemption has expired; instead, the complaint should be considered on its merits to determine if the foreclosure proceeding was tainted by fraud, accident, or mistake. *See Langley v. Chase Home Fin. LLC*, No. 10-604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. March 28, 2011); *Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 WL 2682973, at *4 n.3 (E.D. Mich. July 11, 2011); *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. March 28, 2012); *Lamie v. Fed. Home Loan Mortg. Corp.*, No. 11-

156, 2012 WL 1835243, at *3-4 (W.D. Mich. May 21, 2012). "Irrespective of how the issue is labeled, the Michigan Supreme Court . . . has found that [d]efendants are entitled to dismissal if the redemption period has expired" unless Plaintiff sufficiently alleges fraud, accident, or mistake. *Edmonds v. Wells Fargo Delaware Trust Co.*, No. 12-14264, 2013 WL 393239, *2 (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179 (1942) ("Plaintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right of redemption.")).

Here, Plaintiff failed to redeem the property before the redemption period expired; thus, FNMA became vested with "all the right, title and interest which [Plaintiff] had at the time of the execution of the mortgage." *See* Mich Comp. Laws § 600.3263. And for reasons more fully discussed herein, the Court recommends dismissing Plaintiff's claims because Plaintiff has not stated sufficient facts to allege a plausible claim that the foreclosure proceedings were tainted with fraud or irregularity.

### 2. Doctrine of Laches

Defendants assert that Plaintiff's claims should fail because Plaintiff is guilty of laches. (Docket no. 2 at 18-19.) "The equitable doctrine of laches bars an action when the party commencing a cause of action has delayed bringing suit when practicable without excuse or explanation and the delay would result in prejudice the opposing party due to a change in a material circumstance." *Edmonds*, 2013 WL 393239, at *3 (citing *Wayne County v. Wayne County Ret. Comm'n,* 267 Mich.App. 230 (2005)). This Court and the Michigan Court of Appeals have found that the doctrine applies in the context of foreclosure proceedings, including situations where the plaintiff filed a complaint near the end of the redemption period. *See Edmonds*, 2013 WL 393239; *Chalmers v. JP Morgan Chase Bank, NA*, No. 12-10903, 2012 WL 4839861, *4 (E.D. Mich. Oct.

11, 2012) (Hood, J.); *Jackson Ing. Corp. V. Pittsfield Products, Inc.*, 162 Mich. App. 750 (1987).

Here, Plaintiff asserts that she did not bring her claims sooner because "she had no way of knowing that Defendant GMAC lacked any interest in the indebtedness and could not foreclose pursuant to Michigan law." (Docket no. 6 at 9.) The Court finds Plaintiff's argument persuasive. Moreover, Defendant alleges no prejudice from Plaintiff's delay in filing her complaint, and like the plaintiff in *Chalmers* who was also trying to modify his loan, Plaintiff "did not unreasonably delay in bringing the suit in light of [her] allegations in the Complaint that [s]he was attempting to resolve the payment issue with [GMAC]." *Chalmers*, 2012 WL 4839861, at *4. Therefore, the Court does not recommend granting Defendants' Motion to Dismiss based on the laches doctrine.

### 3. Plaintiff's Counts I and VII

#### a. The MERS Assignment to GMAC

Count I of Plaintiff's Complaint alleges a general violation of Michigan's foreclosure laws. (Docket no. 1-2 ¶¶ 35-58.) As a threshold matter, Plaintiff challenges MERS Assignment to GMAC. Plaintiff argues that she "is not disputing MERS ability to assign the mortgage but rather MERS ability to transfer or assign any interest in the promissory note." (Docket no. 6 at 13.) As Defendants argue, however, "[t]he Note . . . is not an issue." (Docket no. 7 at 4.) MERS did not transfer or assign the note; it only assigned the mortgage. (*Id.*) And with regard to the mortgage, Plaintiff lack standing to challenge the assignments. *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 399 Fed. Appx. 97, 102 (6th Cir. 2010). It is well established that plaintiffs do not have standing to "go beyond the statutory requirements [of foreclosure by advertisement] to inspect each and every aspect of every contract or agreement between any predecessor and successor mortgagee, searching for 'irregularities' and noncompliance." *Stafford*

8

*v. Mortg. Elec. Registration Sys., Inc.*, No. 12-10798, 2012 WL 1564701, at *2 (E.D. Mich. May 2, 2012). Therefore, to the extent Plaintiff challenges the assignment of the note, the issue is moot; and to the extent Plaintiff challenges the assignment of the mortgage, she lacks standing to do so.

### b. GMAC's Foreclosure by Advertisement

Plaintiff alleges that even if the assignment was proper, GMAC could not properly foreclose on her property because FNMA was the owner of the loan at the time of the sheriff's sale. (*See* docket no. 6 at 10.) In the same argument, however, Plaintiff concedes that FNMA appears nowhere on the title. (*Id.*) Plaintiff then assumes that FNMA purchased the property using a credit bill and asserts that "[o]nly the owner of the loan may purchase the property at sheriff sale using a credit bid." (*Id.*) Plaintiff essentially argues that "it is unclear as to who possesses the original note and to whom payments should be made," and therefore, GMAC and FNMA could both demand payment, which leads Plaintiff to the conclusion that GMAC did not have the authority to foreclose because the chain of title is not proper. (*See id.* at 10-11.)

Mich. Comp. Laws § 600.3204 provides that a party may foreclose a mortgage by advertisement if (a) a mortgage default has occurred that has triggered a power of sale clause, (b) a legal action has not been commenced to recover the debt secured by the mortgage or any part of the mortgage, (c) the mortgage instrument containing the power of sale clause has been properly recorded before initiating foreclosure proceedings, and (d) the party foreclosing the interest is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage. *See Kim v. JPMorgan Chase Bank, NA*, 493 Mich. 98, 113-15

(2012).[4] "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(2).

"[A]s a general matter, a mortgagee cannot validly foreclose a mortgage by advertisement before the mortgage and all assignments of that mortgage are duly recorded." *Kim*, 493 Mich. 105-06. Nevertheless, a foreclosure commenced without first recording the mortgage and any assignments of the mortgage is not invalid if the defect does not harm the homeowner. *Id.* at 115. If a foreclosure is commenced before the mortgage or any assignments are recorded, the court must determine whether the foreclosure sale of the property is voidable. To set aside a foreclosure sale, a plaintiff must show that he was prejudiced by a defendant's failure to comply with the foreclosure by advertisement statute, MCL 600.3204. "To demonstrate such prejudice, [Plaintiff] must show that [she] would have been in a better position to preserve [her] interest in the property absent [D]efendant's noncompliance with the statute." *Id.* at 115-16.

As Defendant points out, GMAC was the recorded mortgagee as of October 31, 2011, when it recorded an assignment from MERS. (Docket no. 7 at 3.) While Plaintiff contends that there are other non-recorded assignments, Plaintiff provides no evidence to support this contention. Thus, it appears that GMAC had the authority to foreclose under Section 3204 and that it foreclosed properly. But even if the mortgage or some alleged assignment was not properly recorded at a time between Plaintiff's purchase of the home and GMAC's foreclosure, Plaintiff has not shown that she would have been in a better position to preserve her interest in the property had such an assignment

---

[4]In *Kim*, the Michigan Supreme Court overruled *Davenport v. HSBC Bank USA*, 275 Mich.App. 344 (2007) and held that a violation of § 3204 rendered a foreclosure sale "voidable rather than void *ab initio*." *Id.* at 114-16.

occurred. Plaintiff's arguments rest on the assumption that GMAC would have approved her for a loan modification and that she would have been able to make payments under the new terms. Plaintiff does not dispute that she was in default for failing to make her loan payments (docket no. 1 ¶13), and she has provided no evidence to suggest that she could have somehow made her payments if the alleged assignments had been properly recorded. Plaintiff does not even indicate that she could have made payments under a modified loan if GMAC had not foreclosed. Therefore, the Court should find that GMAC properly foreclosed on Plaintiff's property and should dismiss Count I.

### 4. Plaintiff's Count II

Plaintiff claims that she is a third-party beneficiary under GMAC's Servicer Participation Agreement (SPA) with the government, whereby GMAC became a member of the Home Affordable Modification Program (HAMP). (Docket no. 1-2 ¶¶ 59-66.) Plaintiff Claims that GMAC breached its duty under that agreement by failing to approve or deny Plaintiff's loan-modification request. (*Id.*) Defendant asserts that Plaintiff's breach-of-contract claim must fail because HAMP provides no private cause of action and because Plaintiff is not a third-party beneficiary of the SPA. Plaintiff argues that "[i]t is hard to imagine anyone who is more qualified to challenge the wrongful denial of a loan modification under HAMP than the owner of the property." (Docket no. 6 at 18.)

Plaintiff does not directly respond to Defendant's private-cause-of-action argument; instead, Plaintiff focuses on her status as an intended beneficiary. (*See id.* At 18-19.) Nevertheless, "virtually every . . . court has held that HAMP does not provide for a private cause of action." *Matthews v. Wells Fargo Bank, N.A.*, No. 11-14711, 2012 WL 5379585, *2 (E.D. Mich. Oct. 31, 2012) (Zatkoff, J.) (citing *Hubert v. PNC Bank, Nat. Ass'n*, 2011 WL 4027417, *5-6 (E.D. Mich.

Sept. 12, 2011); *Brown v. Bank of New York Mellon*, 2011 WL206124, *2-3 (W.D. Mich. Jan. 21, 2011); *Singh v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 3563, *23 (E.D. Cal. Jan. 7, 2011); *Inman v. Suntrust Mortg., Inc.*, 2010 U.S. Dist. LEXIS 91804 (E.D. Cal. Sept. 3, 2010); *Hart v. Countrywide Home Loans, Inc.*, U.S. Dist. LEXIS 85272, *13-14 (E.D. Mich. Aug. 19, 2010) (Duggan, J.); *Zeller v. Aurora Loan Servs. LLC*, 2010 U.S. Dist. LEXIS 80449, *2 (W.D. Va. Aug. 10, 2010); *Hoffman v. Bank of Amer.*, 2010 U.S. Dist. LEXIS 70455, *6 (N.D. Cal. June 30, 2010); *Simon v. Bank of Amer.*, 2010 U.S. Dist. LEXIS 63480, *26-27 (D. Nev. June 23, 2010); *Marks v. Bank of Amer., N.A.*, 2010 U.S. Dist. LEXIS 61489, *13-15 (D. Ariz. June 22, 2010) (citations and footnotes omitted). Moreover, relying on the U.S. Supreme Court's reasoning in *Astra USA, Inc. v. Santa Clara County, California*, --- U.S. ---, 131 S.Ct. 1342, 179 L.Ed.2d 457 (2011), this Court has noted that "[t]he terms of the SPA are not negotiable, and a suit by an alleged third-party beneficiary to enforce the HAMP agreement would essentially be a suit to enforce the statute itself." *Barber v. Bank of America, N.A.*, No. 11-15449, 2013 WL 364011, *7 (E.D. Mich. Jan. 30, 2013) (Borman, J.). Thus, such a claim is improper. *Id.* (citing *Hart v. Countrywide Home Loans, Inc.*, 735 F.Supp.2d 741, 748 (E.D. Mich. 2010); *Loeffler v. BAC Home Loans Servicing, L.P.*, No. 11-13711, 2012 WL 666750, *4 (E.D. Mich. Feb.29, 2012)). Therefore, the Court recommends granting Defendant's Motion to Dismiss with respect to Plaintiff's Count II.

### 5. Plaintiff's Counts III and VIII

Plaintiff alleges that GMAC or GMAC's agents "made material representations to Plaintiff that she would be provided with an application for loan modification and said application would be reviewed to determine if she was eligible for a loan modification." (Docket no. 1-2 ¶¶ 68, 110.) Plaintiff alleges that GMAC's failure to follow through on this promise give rise to claims of

promissory estoppel and fraud in the inducement. (*Id.* ¶¶ 67-73, 109-114.) Defendants argue that Plaintiff's claims are barred by the statute of frauds because GMAC's alleged promise is not in writing. (Docket no. 2 at 24-25 (citing Mich. Comp. Laws § 566.132(2)).)

Michigan's Statute of Frauds provides in relevant part:

(2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:

(a) a promise or commitment to lend money, grant or extend credit, or make any other financial accommodation;

(b) a promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

(c) a promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2). The Michigan Court of Appeals has unambiguously stated that a party is precluded from bringing a claim against a financial institution to enforce the terms of an oral promise that waives a loan provision. *Crown Tech. Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550 (2000). And "an agreement to delay a foreclosure sale is an agreement to make a 'financial accommodation' within the scope of [the statute]." *FEI Co. v. Republic Bank, S.E.*, No. 05-00489, 2006 WL 2313612, at * 2 (Mich. Ct. App. Aug. 10, 2006) (citation omitted).

Plaintiff asserts that the court's holding in *Crown Tech. Park* is not applicable because "the *Crown* holding was made long before loan modifications became relevant and as such is not directly applicable to such cases." (Docket no. 6 at 16.) Despite Plaintiff's argument, she cites no authority to support her position; to the contrary, Defendant draws the Court's attention to *Carl v. BAC Home Loans Servicing, LP*, No. 11-11255, 2011 WL 3202086 (E.D. Mich. July 27, 2011) (Rosen, J.), and

13

*Galati v. Wells Fargo Bank*, No. 11-11487, 2011 WL 5178276 (E.D. Mich. Nov. 1, 2011) (Cohn, J.), which both hold that the statute of frauds applies in loan-modification cases. The Court is unable to find any precedent to the contrary. Therefore, the Court recommends granting Defendant's Motion to Dismiss with respect to Plaintiff's Count III and Count VIII under the statute of frauds.

### 6. Plaintiff's Count VII

In Count VII, Plaintiff asserts that GMAC violated Mich. Comp. Laws § 600.3205c when GMAC failed to conduct a mediation meeting and wrongfully denied Plaintiff a loan modification. (Docket no. 1-2 ¶¶ 101-08.) Defendants argue that Plaintiff's claims under Count VII should be dismissed because Plaintiff failed to timely respond to GMAC's mediation letter under Section 3205a and because Section 3205a does not allow the Court to set aside a foreclosure sale that has already occurred. (Docket no. 2 at 27.) Plaintiff argues that she did request a mediation meeting. (Docket no. 6 at 18.)

Section 3205c provides that "[i]f a borrower . . . contact[s] a person designated under section 3205a(1)(c) . . . , the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." M.C.L. § 600.3205c(1). Section 3205a requires the foreclosing party to serve a written notice on the borrower that includes, in relevant part, contact information for an individual with the authority to work out a loan modication under Section 3205c. § 3205a(1)(a)-(c). Section 3205a also requires that the borrower respond to such a notice within 30 days. § 3205a(1)(d).

The parties do not dispute that Defendant sent a "Mediation Letter" in compliance with Section 3205a on or before October 28, 2011. (*See* docket no. 2 at 27.) Thus, under Section 3205a(1)(d), Plaintiff had until November 27, 2011, at the latest, to respond. The parties also do not

14

dispute that Plaintiff's counsel sent a response on December 9, 2011. (Docket no. 1-2 ¶ 104.) Therefore, Plaintiff's response was late.

Moreover, this Court has held that a violation of Section 600.3205c is "insufficient to set aside a completed foreclosure sale." *Block v. BAC Home Loans Servicing, LP*, 11-11181, 2012 WL 2031640, at *5 (E.D. Mich. June 6, 2012) (Duggan, J.) (holding that "even if Defendants violated the loan modification statute, the relief available was to file an action to convert the foreclosure by advertisement to a judicial proceeding"); *see also Adams v. Wells Fargo Bank, N.A.*, 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) (Battani, J.) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. [The statute] does not authorize the Court to set aside the foreclosure. . . . The governing provision allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure."). Here, Plaintiff failed to comply with the requirements of Section 3205a, and even if she had, the Court could not provide the relief that Plaintiff requests. The Court, therefore, recommends dismissing Plaintiff's Count VII.

### 7. Plaintiff's Count IV

Plaintiff's Count IV is a request to quiet title because "Defendants have absolutely no interest in the subject property based on the fact that Defendants have absolutely no interest in the indebtedness at issue," and "Defendants do not have a valid security interest in the property due to wrongful conduct of Defendants described [in the Complaint]." (Docket no. 1-2 ¶¶ 74-81.) Plaintiff's claim of superior interest is based on the assumption that Plaintiff's other claims are valid. Moreover, as Defendant asserts, a quiet-title claim is equitable in nature. (Docket no. 2 at 30 (citing

15

M.C.L. 600.2932(5)).) Plaintiff accepted and agreed to repay the loan securing the property, she failed to pay on that loan as promised, and she is now seeking to keep her property without repaying the loan. Such a claim is barred by the doctrine of unclean hands. *See Richards v. Tibaldi*, 272 Mich. App. 522, 539 (2006); *McKay v. Palmer*, 170 Mich. App. 288, 293 (1988). Because the Court recommends dismissing Plaintiff's Counts I, II, III, VII, and VIII, and because Plaintiff should not be allowed to quiet title where she failed to meet her obligations under her loan agreement, the Court recommends dismissing Plaintiff's Count IV.

### 8. Plaintiff's Counts V and VI

Plaintiff's Counts V and VI assert Slander of Title and Slander by False Publication. (Docket no. 1-2 ¶¶ 82-100.) Slander of title claims "have both a common-law and statutory basis." *B & B Inv. Group v. Gitler*, 229 Mich.App. 1, 8 (1998). A plaintiff must prove "falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *Id.* at 9. Again, Plaintiff's claims are entirely based on the assumption that the assignment from MERS to GMAC was invalid or that Defendants' foreclosure was improper. Therefore, because the Court recommends dismissing Plaintiff's Counts I, II, III, VII, and VIII, the Court also recommends dismissing Plaintiff's Counts V and VI.

### 9. Plaintiff's Counts IX and X

Plaintiff's Counts IX and X do not raise new allegations or claims and are, instead, requests for equitable relief in the form of setting aside the foreclosure (Count IX) and granting declaratory and injunctive relief (Count X). (Docket no. 1-2 ¶¶ 115-129.) Therefore, because the Court recommends dismissing Plaintiff's substantive Counts, the Court also recommends dismissing Plaintiff's Counts IX and X.

**D.     Conclusion**

For the above-stated reasons, the Court recommends granting Defendants' Motions to Dismiss (docket no. 2).  Therefore, the Court recommends dismissing this case in its entirety, with prejudice.

**III.     Notice to Parties Regarding Objections**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 22, 2013          s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: February 22, 2013          s/ Lisa C. Bartlett
                                                   Case Manager